IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AGGIE CARRILLO,

        Plaintiff,

v.                                                    CIV 02-90 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Aggie Carrillo previously worked as a meat wrapper, cook, hostess, teacher's aid, substitute teacher and baby sitter.  At age fifty-two, she made her first application for disability and supplemental security income benefits alleging she became disabled from osteoarthritis and chronic low back pain in January 1994, which roughly coincides with her last full-time job.  That application was denied initially and on reconsideration and concluded with an unfavorable determination after Appeals Council review on April 15, 1998 and went no further.  She filed a second application for disability benefits in December 1999, this time alleging that she became disabled from low back pain on June 1, 1998.  The second application is the subject of this suit.  Since she is only insured through June 30, 1998, however, she was required to establish a disability prior to that date to qualify for benefits.  *E.g., Administrative Record* ("*Record*") at 11, 28, 62, 86, 94, 107, 116.

The Administrative Law Judge William F. Nail, Jr. ("ALJ") found that Plaintiff has the

residual functional capacity to perform limited light work.  With the aid of the testimony from a vocational expert, ALJ Nail identified cashier, office helper, and ticket taker positions as jobs Plaintiff can perform and therefore denied benefits at Step 5 under the framework of Medical-Vocational Rules.  *Id.* at 15.  After considering additional evidence, the Appeals Council declined review on November 23, 2001, thereby rendering the ALJ's decision final.  *Id.* at 7-9.

This matter is before the court on Plaintiff's motion to reverse or remand, where she asserts that the ALJ committed two errors.  *Doc. 13.*  Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment.  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief.  *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992).  My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency.  *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).

I have read and carefully considered the entire record and the briefs of the parties.[1]  I agree with Respondent's arguments on both issues and incorporate that discussion herein.  I confine my remarks to a few additional observations.

Plaintiff argues that the ALJ only "superficially" considered her impairments of back pain

---

[1] According to the extension granted on the briefing schedule, Plaintiff was to file her reply by February 21, 2003.  *See Doc. 12.*  She did not do so, nor file a notice of completion.  *See* D.N.M.LR-CIV. 7.3(b) ("In all cases, upon the completion of briefing, the movant must file and serve on each party  Notice of Completion of Briefing.  The Notice of Completion of Briefing must identify by date of filing and docket number the motion which is ready for decision and all briefs or other papers which have been filed relating to that motion."); *see also Ortega v. Barnhart,* CIV 02-678 KBM at n.1 (same situation and counsel did not respond to court's telephone calls).

and headaches in combination.  *Doc. 14* at 7.  In addition to the headaches not being supported by the objective medical evidence for the relevant time period, this argument ignores the entirety of the ALJ's opinion.  There he reviewed the objective medical evidence, the residual functional capacity assessment, Plaintiff's testimony, and the responses of the vocational expert to the various hypothetical questions.  *See Ellison v. Sullivan,* 929 F.2d 534, 537 (10th Cir. 1990) ("Plaintiff finally contends the ALJ failed to adequately consider the combination of his exertional and nonexertional impairments in evaluating plaintiff's ability to return to work.  The ALJ properly relied on the testimony of a vocational expert that plaintiff had residual functional capacity for a limited range of light work and there were jobs he could perform.  This testimony is substantial evidence supporting the ALJ's conclusion that plaintiff was not disabled.").

Plaintiff also argues that the ALJ erred in his credibility determination.  She asserts that, despite her diagnosis of degenerative disc disease, long work history, attempt to work at babysitting in 1998 and numerous prescriptions for pain, ALJ Nail concluded her condition is not as serious as Plaintiff claims because she did not seek medical treatment for two years.  *See Doc. 15* at 3-7.  Again, these assertions do not accurately characterize the ALJ's opinion.

Much of the medical evidence Plaintiff cites in her memorandum post-dates the time frame at issue.  ALJ Nail found that Plaintiff's "testimony of pain and functional restrictions [were] not supported by the evidence overall in the disabling degree alleged and, therefore, lacked credibility."  *Record* at 13.  Cognizant of the cut-off date, the ALJ noted that to that point her early 1998 "MRI studies and x-rays have been minimal" and an examination showed she was "within normal limits."  *Id.*  He further examined medical evidence after the cut-off date in early 1999 and a consultative examination in March 2000, which indicated no significant deficits and

3

that Plaintiff reported pain medication controlled the majority of her pain. *Id.* at 14. In that context the ALJ concluded that

> ***[i]n addition to the lack of objective findings,*** there are no medical records to document any continued treatment for back pain. The most recent medical records are dated May 1999. The only other medical record is dated March 13, 2000, but that is a report of the consultative examination obtained by the DDS. It is not credible that a claimant suffering from such severe back pain would not seek any medical treatment over two years. [That is, from 1999 to the hearing in 2001].

*Id.* (emphasis added). Thus, contrary to Plaintiff's suggestion that a lack of treatment was the only basis for the ALJ's decision, the decision actually indicates that the objective medical evidence during the relevant period was the key factor.[2]

By reviewing the objective medical evidence and stating the specific evidence that he relied upon in determining Plaintiff's allegations of pain were not entirely credible, the ALJ applied the correct legal standard. *See e.g., Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000). Based on my review of the entire record, and for the reasons additionally stated in Respondent's arguments, I find substantial evidence supports the ALJ's credibility determination and, therefore, it will not be disturbed by this court. *Diaz v. Secretary of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir. 1990) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.").

---

[2] The ALJ left the record open for thirty days after the hearing for Plaintiff's then-representative to submit additional records from Dr. Peter Saltzman. *Id.* at 27. Here, Plaintiff intimates that there may be additional records that were not submitted, but proffers no demonstration that the medical records are in fact incomplete. *See Doc. 14* at 6. I cannot review the matter before me based on speculation, and do so only on the basis of the record before me. In any event, the lack of corroborating medical evidence during the relevant time period is sufficiently dispositive of the issue of credibility.

4

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion *(Doc. 13)* is DENIED and the decision of the Commissioner is affirmed. A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.